**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN FUREY | : | CIVIL ACTION |
| 299 Barren Hill Road | : | |
| Conshohocken, Pa. 19428 | : | NO. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| TEMPLE UNIVERSITY | : | |
| 1801 N. Broad Street | : | |
| Philadelphia, Pa. 19122 | : | |
| | : | |
| and | : | |
| | : | |
| THERESA A. POWELL, individually and | : | |
| as Vice-President for Student Affairs | : | |
| 1801 N. Broad Street | : | |
| Philadelphia, Pa. 19122 | : | |
| | : | |
| and | : | |
| | : | |
| ANNE WEAVER HART, individually | : | |
| and as President of Temple University | : | |
| 1801 N. Broad Street | : | |
| Philadelphia, Pa. 19122 | : | |
| | : | |
| and | : | |
| | : | |
| BRIAN C. FOLEY, individually and as | : | |
| University Vice Code Administrator | : | |
| 1801 N. Broad Street | : | |
| Philadelphia, Pa. 19122 | : | |
| | : | |
| and | : | |
| | : | |
| DEAN AINSLEY CARRY, individually | : | |
| and as Dean of Student Affairs | : | |
| 1801 N. Broad Street | : | |
| Philadelphia, Pa. 19122 | : | |
| | : | |
| and | : | |
| | : | |

ANDREA SEISS, individually and as :
Associate Dean of Students :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :
:
M. MOSHE PARAT, individually and :
as Dean, Fox School of Business :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :
:
THE TEMPLE UNIVERSITY REVIEW :
BOARD, and its members :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :
:
RICHARD GREENSTEIN, individually :
and as Chair of the University :
Disciplinary Committee :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :
:
KEITH GUMERY, individually and as :
Vice-Chair of the University :
Disciplinary Committee :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :
:
DIANE ADLER, individually and as a :
member of the University Disciplinary :
Committee :
1801 N. Broad Street :
Philadelphia, Pa. 19122 :
:
     and :

2.

FSBM JONATHAN SCOTT,                          :
individually and as a member of the           :
Faculty Review Board                          :
1801 N. Broad Street                          :
Philadelphia, Pa. 19122                       :
                                              :
        and                                   :
                                              :
CHP. BONITA SILVERMAN,                        :
individually and as a member of the           :
Faculty Review Board                          :
1801 N. Broad Street                          :
Philadelphia, Pa. 19122                       :
                                              :
        and                                   :
                                              :
VALERIE HARRISON, individually                :
and as Judicial Officer of the Student        :
Conduct Committee                             :
1801 N. Broad Street                          :
Philadelphia, Pa. 19122                       :
                                              :
        and                                   :
                                              :
TRUSTEES OF TEMPLE UNIVERSITY,                :
individually and in their official capacities :
on behalf of Temple University, a             :
public university                             :
1801 N. Broad Street                          :
Philadelphia, Pa. 19122                       :

## COMPLAINT - CIVIL ACTION

## Introduction

Kevin Furey institutes this Civil Action for constitutional and civil rights violations under

42 U.S.C. § 1983 against Temple University, a public university, which receives funds from the

Commonwealth of Pennsylvania and is a State related university.

3.

**Jurisdiction**

The Federal District Court for the Eastern District of Pennsylvania has jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1343(3) and 1343(4) among other statutes.

**Facts of the Case**

1.  Plaintiff is Kevin Furey, an individual, who resides at 299 Barren Hill Road, Conshohocken, Pa. 19428.

2.  Defendant is Temple University, which holds itself out to be a public university, owned and operated under color of State law by the Commonwealth of Pennsylvania, receiving the bulk of its funding from the Commonwealth of Pennsylvania. Its main address is 1801 N. Broad Street, Philadelphia, Pa. 19122.

3.  Defendant, Theresa A. Powell, is being sued individually and in her official capacity as Vice-President for Student Affairs. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

4.  Defendant, Anne Weaver Hart, is being sued individually and in her official capacity as President of Temple University. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

5.  Defendant, Brian C. Foley, is being sued individually and in his official capacity as University Vice Code Administrator. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122

6.  Defendant, Dean Ainsley Carry, is being sued individually and in his official capacity as Dean of Student Affairs. He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

7.   Defendant, Andrea Seiss, is being sued individually and in her official capacity as Associate Dean of Students.  She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

8.   Defendant, M. Moshe Parat, is being sued individually and in his official capacity as Dean, Fox School of Business.  He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

9.   Defendants are The Temple University Review Board and its members, who are being sued individually and in their official capacities as members of The Temple University Review Board, which maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

10.   Defendant, Richard Greenstein, is being sued individually and in his official capacity as Chair of the University Disciplinary Committee.  He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

11.   Defendant, Keith Gumery, is being sued individually and in his official capacity as Vice-Chair of the University Disciplinary Committee.  He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

12.   Defendant, Diane Adler, is being sued individually and in her official capacity as a member of the University Disciplinary Committee.  She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

13.   Defendant, FSBM Jonathan Scott, is being sued individually and in his official capacity as a member of the Faculty Review Board.  He maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

14. Defendant CHP. Bonita Silverman, is being sued individually and in her official capacity as a member of the Faculty Review Board. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

15. Defendant, Valerie Harrison, is being sued individually and in her official capacity as the Judicial Officer of the Student Conduct Committee. She maintains an office at 1801 N. Broad Street, Philadelphia, Pa. 19122.

16. Defendants are the Trustees of Temple University, who are being sued individually and in their official capacities on behalf of Temple University, a public university.

17. On April 5, 2008, plaintiff, Kevin Furey, was a sophomore in Temple University's undergraduate school, having transferred into the school from Catholic University of America.

18. On April 5, 2009, a Sunday morning, at approximately 3:00 a.m., while off campus visiting a friend, John Fisher, who, with several other Temple students, had leased a house at or about 1721 Monument Street, in the City of Philadelphia, Kevin Furey was assaulted and battered by an off-duty Philadelphia police officer and his friends, who were undergraduate students at Temple University, some of whom were only 19 years of age at the time of the assault and battery.

19. At the time of the above-mentioned assault, Kevin Furey had gone to a car owned by his mother, the undersigned attorney, in order to retrieve tools from the trunk of the car to assist his friend, John Fisher, who had inadvertently locked himself out of his bedroom, gain entrance to his bedroom located on the second floor of the aforementioned leased premises.

20.   That at the above-mentioned time and place, as Kevin Furey opened the trunk of a car, titled to his mother, the undersigned attorney, parked on a vacant lot located on the corner of 18th and Monument Streets, in Philadelphia, Pa., and picked up a machete owned by his father, which his father used for gardening purposes at his home, 299 Barren Hill Road, Conshohocken, Pa., Travis Wolfe and three or four other males (Temple students) inquired of Kevin Furey what he had, to which Kevin Furey responded "none of your business."

21.   After the above-mentioned remarks by Kevin Furey, Travis Wolfe drew a gun on Kevin Furey while Travis Wolfe's friends shouted intermittently "he's a cop" and "shoot him."

22.   That Travis Wolfe ordered Kevin Furey to throw down the machete, which Kevin Furey did, after hesitation, since he did not believe Travis Wolfe was a police officer, but because Travis Wolfe had a gun pointed at him, Kevin Furey dropped the machete.

23.   As soon as the machete was dropped, Travis Wolfe and his friends assaulted, battered and caused facial, knee and other bodily injuries to Kevin Furey until Temple Police arrived, at which time Travis Wolfe asked them for help subduing Kevin Furey, advising Temple police officer Binder that he (Travis Wolfe) was an off-duty police officer.

24.   That Temple police officer Binder, and another officer, then proceeded to attack Kevin Furey, causing and contributing to Kevin Furey's physical injuries, for which he received treatment at Hahnemann University Hospital, after which treatment Temple University police officers took Kevin Furey to the Police District, where Kevin Furey was arrested for aggravated assault on a police officer, possession of an instrument of crime, terroristic threats, reckless endangerment and simple assault upon an Arrest Report prepared by Travis Wolfe, who listed no witnesses to the incident on the Arrest Report.

25. That the criminal matter is still open, with Kevin Furey being offered ARD by the Philadelphia District Attorney's office on the condition he agree not to sue Travis Wolfe, the City of Philadelphia Police Department, state on the record that the officer's version of events is true, apologize to Travis Wolfe, and attend alcohol and anger management classes, even though Kevin Furey was never charged with any alcohol related offenses.

26. That Temple University contends it has jurisdiction over 18th and Monument Streets under its jurisdictional rules and commenced disciplinary proceedings against Kevin Furey.

27. That the defendants at all times relevant herein acted under color of State law, regulation or custom or usage of the State of Pennsylvania, have subjected and threaten to subject Kevin Furey, plaintiff herein, to the deprivation of rights and privileges secured him by the United States Constitution.

28. That even though the incident described herein which occurred between Kevin Furey and Travis Wolfe did not take place on Temple's campus, Temple commenced disciplinary proceedings against him on April 10, 2008, accusing him of violating its Code of Conduct. A copy of the Disciplinary Complaint is attached hereto and marked Exhibit A.

29. That after the Disciplinary Complaint was filed, Kevin Furey sought information regarding the proceedings from Temple University Police, which refused to provide information, but only inquired as to whether Kevin Furey intended to sue for his physical and emotional injuries.

30. That not until August, 2008, was Kevin Furey contacted by defendant, Andrea Seiss, and defendant, Brian Foley, regarding the scheduling of a disciplinary hearing.

31.  That the undersigned attorney contacted Andrea Seiss regarding the scheduling of a hearing and dates were discussed, until finally, a January 12, 2009 date was chosen, which date was unilaterally cancelled by defendants Seiss and Harrison.

32.  That the undersigned attorney contacted the Temple Student Affairs Office, defendant Seiss, and its legal counsel, defendant Harrison, to obtain a list of witnesses who would be attending the hearing, and was supplied the names contained in the letter attached hereto as Exhibit B.

33.  That the undersigned attorney, as parent of Kevin Furey, requested of defendants, Seiss and Harrison, the names of the friends of Travis Wolfe who accompanied Travis Wolfe on the night of the incident.

34.  That defendants, Seiss and Harrison, supplied names of three individuals, Colin Anderson, Doug Segars and Steve Robinson, as the individuals who accompanied Travis Wolfe at the time of the assault and battery upon Kevin Furey.

35.  That on several occasions, Kevin Furey requested the addresses of the three individuals, Colin Anderson, Doug Segars and Steve Robinson, but defendants, Seiss and Harrison, refused to provide this information, asserting that defendant Temple had the power to subpoena these individuals to a disciplinary hearing and force their attendance.

36.  That defendants refused to supply information regarding the individuals named in paragraphs 34 and 35, nor did they supply statements which plaintiff, upon information and belief, believes were given to defendant and/or Temple's Police Department.

37.  That the Temple defendants supplied a list of witnesses that they intended to produce at the Disciplinary Hearing, including Temple police officers Binder and Harvey, and despite the fact that the Temple defendants refused to supply contact information for Colin Anderson, Doug Segars and Steve Robinson, these three names were listed as being witnesses for Kevin Furey. (Exhibit B).

38.  That the above-mentioned Disciplinary Hearing was not held in a timely fashion as required by Temple's own Polices and Procedures Manual, since a Pre-Trial Hearing is required to be held within five business days after the student is notified of the charges and a University Disciplinary Hearing should be held within 30 business days after the Pre-Hearing meeting.

39.  Kevin Furey's Pre-Trial Hearing was not held until on or about December 15, 2008 (8 months after the incident, and the University Disciplinary Hearing was not held until March 25, 2009, almost a full year after the incident.

40.  That the Temple University defendants named herein failed to follow their own procedures as set forth in Temple's Policies and Procedures Manual, with Temple unilaterally canceling a January 12, 2009 University Disciplinary Hearing, contending one of the witnesses was unavailable and, thus, the Hearing could not proceed.

41.  That prior to the March 25, 2009 Hearing, none of the Temple defendants named herein advised Kevin Furey about a right to counsel and/or his right to remain silent due to the pending criminal matter, nor did any of the named defendants allow a continuance of the University Disciplinary Hearing pending the conclusion of the criminal matter.

42. That the University Disciplinary Hearing was held on March 25, 2009, with defendant Greenstein as the Chairman, defendant Adler as a panel member, defendant Gumery as a panel member, and two student panel members, one of whom was Malcolm Kenyatta, whose significance will be hereinafter set forth in the following paragraphs of this Complaint.

43. That as the March 25, 2009, Hearing commenced, for the first time, defendant Foley announced that none of the eyewitnesses to the incident, Colin Anderson, Doug Segars and Steve Robinson, would be attending the hearing, stating that one did not want to participate, one was unavailable and no reason was given for the third.

44. That defendant Foley failed to provide information as to which of the three individuals named in paragraph 43 above gave the excuses or reasons for failing to appear, despite the defendants allegedly having subpoenaed them to appear at the University Disciplinary Hearing.

45. After defendant Foley announced that the three eyewitnesses would not appear, he indicated that the two Temple officers who participated in the arrest of Kevin Furey would likewise not appear, namely, officer Binder and officer Harvey.

46. That since vital evidence was not being presented at the Hearing because of the witnesses' failure to appear, Kevin Furey, who was not permitted to be represented by counsel, even though he had an open criminal matter, was refused a continuance by the University Disciplinary Hearing panel chaired by defendant Greenstein.

47. That at no time was Kevin Furey advised of his constitutional right to remain silent nor was he allowed counsel to represent him, but was required to represent himself at the hearing, even though Kevin Furey still had open criminal charges.

11.

48.  That the Temple University Disciplinary proceeding failed to provide even minimal due process to Kevin Furey inasmuch as he was deprived of his right to present witnesses that the University assured him it would require attend the Hearing.

49.  That Temple University deprived Kevin Furey of the constitutional right to confront and cross-examine the witnesses, Temple police officers Binder and Harvey, who, together with defendant Foley, made the Disciplinary Code violation charges against Kevin Furey.

50.  That Temple University violated Kevin Furey's constitutional right to have counsel, cross-examine and present witnesses, even though Kevin Furey had a right to remain silent under the Fifth Amendment, inasmuch as Kevin Furey was facing criminal charges in the Philadelphia Municipal Court and possibly in the Philadelphia Court of Common Pleas.

51.  That Kevin Furey was deprived of his right to cross-examine witnesses, with defendant Greenstein deciding if Kevin Furey's questions, which had to be addressed to him and funneled through him, would ultimately be asked of the Temple witnesses.

52.  That the procedures outlined in the above paragraphs regarding the manner in which the hearing was conducted violate minimal due process safeguards.

53.  That the panel permitted Travis Wolfe, the Philadelphia off-duty police officer, without questions being addressed to him, to make a rambling self-serving statement critical of Kevin Furey's mother, the undersigned attorney.

54.  Despite a sequestration order by the panel members, the defendants allowed Travis Wolfe, after a break in the proceedings, over Kevin Furey's objection, to read a prepared statement composed during a telephone call with an unidentified individual.  The statement was never shown

to Kevin Furey nor was Kevin Furey allowed to inquire as to the source of the information contained in the statement, a denial of a fair, impartial trial and a violation of due process guaranteed Kevin Furey as a citizen of the United States and the Commonwealth of Pennsylvania.

55.   That the panel violated due process and equal protection rights guaranteed by the United States Constitution when its members indicated that it believed the testimony of Travis Wolfe over the testimony of Kevin Furey because Travis Wolfe was a Philadelphia police officer, with defendant Greenstein querying: "why would a Philadelphia police officer lie?"

56.   That the defendant panel members denied Kevin Furey due process when they allowed panel member, defendant Adler, to ex parte claim that the hospital records showed Kevin Furey was drunk on the night of the incident, when there was nothing in the hospital records which stated or even hinted of the fact that Kevin Furey was drunk on the night of the incident.

57.   That the statement of defendant Adler, a panel member, to the other defendant panel members, of a fact not in evidence and which was highly prejudicial to Kevin Furey, deprived Kevin Furey of a fair and impartial jury, as mandated by the United States and Pennsylvania Constitutions. This statement, without supporting evidence, and, in fact, contrary to the evidence, deprived Kevin Furey of the right to a fair and impartial jury and denied him his right to due process and equal protection.

58.   That subsequent to the Hearing, Kevin Furey discovered that the student panel member, Malcolm Kenyatta, was a friend of the off-duty Philadelphia police officer, Travis Wolfe, the accusing witness against him, with Malcolm Kenyatta appearing as a friend on Travis Wolfe's Face Page; that this friendship between a Disciplinary Hearing panel member and the accusing witness

13.

presented by Temple as the basis for Kevin Furey's expulsion from its University denied Kevin Furey a hearing before a fair and impartial panel, a clear denial of due process and equal protection.

59.   That the defendant panel members, together with the other defendants, Hart, Foley, Powell, Carry, Seiss, Parat, the Review Board and Temple University, denied Kevin Furey his right to due process when it allowed a panel which was biased and lacked fairness and impartiality, and allowed University witnesses to make unilateral statements which were not responses to questioning, but made in the absence of questions and to which Kevin Furey was denied the opportunity to cross-examine or respond.

60.   That a copy of the defendant panel members expulsion determination is attached hereto as Exhibit C and made a part of this Complaint.  No memorandum or opinion as to the basis for the decision was set forth in the expulsion notice.

61.   That within the three day period allowed by defendant Temple to file an appeal from the defendant panel members' decision to defendant Dean Carry and defendant Powell, the appeal was perfected, with two additional supplements to the original appeal being filed, attached hereto as Exhibits D, E and F.

62.   That on Friday, May 29, 2009, Kevin Furey received a letter via Federal Express from defendant, Temple University, signed by defendant Powell and copied to defendants Seiss, Carry, Parat and Edward Waltemate, employee of defendant, Temple University, and a Lieutenant in its Police Department.  A copy of the letter from defendant Powell is attached hereto and marked Exhibit G.

63. That not only did defendants expel Kevin Furey, but they are also holding hostage all of his credits, his property, the credits which Kevin Furey earned and paid for, a denial of Kevin Furey's property rights and interest, without due process of law, a denial of constitutional rights guaranteed by both the United States and Pennsylvania Constitutions, and his right to notice, hearing and opportunity to be heard prior to the denial of these property rights.

64. That in addition to the denial of due process and property rights, defendants assert that they can arrest Kevin Furey for any entrance onto the property of Temple University, a public university funded by the citizens and taxpayers of the Commonwealth of Pennsylvania, of which Kevin Furey and his parents are citizens and taxpayers. This attempt to deprive Kevin Furey of his freedom of movement likewise violates Kevin Furey's constitutional rights guaranteed him by the 14th Amendment to the United States Constitution, which provides that no State shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.

65. That Kevin Furey, a Caucasian student, a United States citizen born in the United States, has been treated differently because of his color, ethnicity and citizenship, since Kevin Furey, upon information and belief, is aware that a Temple student of the Negro race of foreign birth, a non-U.S. citizen, while attending Temple University, intentionally caused physical injury and blinded another Temple student, who was not involved in any altercation with the Negro Temple student, and despite criminal charges being filed against the Negro Temple student, the Temple University defendants failed and refused to take any action against the non-citizen Negro student, who purportedly was attending Temple on a student visa.

15.

66. That Kevin Furey, in order to protect his constitutional rights, has filed this appeal from the actions of defendant, Temple University, and its employees, representatives and/or agents, to this expulsion and other punishments set forth in the May 27, 2009 letter from Temple and its employees.

## COUNT I

## Due Process Against All Defendants

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though fully set forth herein at length.

68. Defendants denied due process by formulating, implementing and applying policies and procedures which deprived Kevin Furey of the right to a fair hearing by an impartial and unbiased tribunal, denying fundamental due process to its student, Kevin Furey.

69. That Kevin Furey was denied his Fifth Amendment right to remain silent pending conclusion of his criminal proceeding, which defendants' procedures forced him to go forward with the University's Disciplinary proceedings, without counsel, defendants' procedures forcing Kevin Furey to proceed pro se, with limited right of confrontation and denial of cross-examination, a request for continuance denied and not permitted by defendants, all of which constitute a denial of due process.

70. Kevin Furey was denied due process by defendants refusal to continue a hearing when five identified witnesses were not present at the hearing, even though the Temple defendants identified the five as witnesses who would be present to testify at the proceedings pursuant to a subpoena issued to them by Temple University.

71. That the defendants denied Kevin Furey due process by failing to provide contact information for the three eyewitnesses to the incident, assuring Kevin Furey that the Temple defendants could force their appearance by subpoenaing them to the hearing; instead, none of the witnesses appeared and no sanctions against them have been taken.

72. That Kevin Furey was denied his due process rights when he was refused a continuance of the proceedings after he learned from defendant Foley, for the first time, that the witnesses identified by the Temple defendants as Kevin Furey's witnesses, refused to attend the hearing, even though the Temple defendants had not given prior notification to Kevin Furey of their refusal to appear and denied Kevin Furey the opportunity to contact these three eyewitnesses by refusing to provide contact information for them.

73. That there was a denial of due process by defendant panel members when it refused to ask certain questions which Kevin Furey wanted asked of Temple's witnesses against him, a denial of due process and Kevin Furey's constitutionally guaranteed rights of due process and equal protection, as a result of its regulations and practices adopted by these Temple defendants.

74. That Kevin Furey's due process rights were violated by the failure of the Temple defendants to provide him with notice, an opportunity to be heard in his own defense, before not only being expelled from the University but having a punishment imposed which not only expels him but further adds the additional punishment of having his credits withheld (earned and paid for by Kevin Furey) as well as denial of his right to be on Temple's campus, a public university, under threat of arrest, all of which violate Kevin Furey's rights to property, denying those property rights without

any due process and denying Kevin Furey's right to freedom of association and ability to freely go and proceed in areas open and available to the public, such as Temple University's campus, open to the general public, especially all citizens of Pennsylvania, who pay to provide Temple's funding.

75.   That due process was denied by all defendants as a result of the allegations in the preceding paragraphs of this Complaint.

**COUNT II**

**Denial of a Hearing Before a Fair and Impartial Panel
Against Defendant, Disciplinary Hearing Panel, and
Defendants, Employees of Student Affairs**

76.   Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint as though fully set forth herein at length.

77.   Due process and equal protection require that a trial and/or hearing be held before an impartial and unbiased panel.

78.   That Kevin Furey was denied a fair and impartial hearing by being tried by Malcolm Kenyatta, a student representative at the hearing, who appears as a friend on the Face Page of his accuser, Travis Wolfe.

79.   That Malcolm Kenyatta never revealed his friendship with Travis Wolfe and Kevin Furey would not have proceeded with the hearing but would have objected to Kenyatta's participation in the proceeding had he known of the relationship. (Relationship discovered after the hearing).

80.   That Kevin Furey's right to a fair and impartial hearing was further denied by the defendant panel members' assertions that a police officer's testimony was more worthy of belief than a civilian's testimony, evidencing bias and prejudice against student, Kevin Furey.

81.   That Kevin Furey's right to a fair and impartial hearing was denied when defendant panel member Adler informed the other defendant panel members, without any substantiating evidence, that Kevin Furey was intoxicated at the time of the incident, claiming the hospital records revealed intoxication when there was no such evidence contained within the hospital records.   These unsubstantiated statements made by a panel member, contrary to the evidence presented, without any right of confrontation or cross-examination, deprived Kevin Furey of the right to a fair and impartial hearing by an unbiased panel.

82.   That Kevin Furey's right to a fair and impartial hearing was denied by the defendant panel members' refusal to allow him to read the statement Travis Wolfe composed in a telephone call during a break in the proceeding and read to the defendant panel members over Kevin Furey's objection, without allowing Kevin Furey the opportunity to cross-examine the witness, Travis Wolfe, with regard to the statement Travis Wolfe read to the panel.

83.   Due process was denied when the defendant Chairman of the panel, Greenstein, refused to ask questions of defendant Temple's witnesses, despite Kevin Furey's request that defendant Greenstein ask the questions, denying Kevin Furey of his right to confrontation and cross-examination guaranteed by the United States and Pennsylvania Constitutions.

84. That there is a substantial denial of both substantive and procedural due process in both the hearing procedures and appellate procedures which did not allow Kevin Furey to participate other than filing an appeal and did not allow or advise Kevin Furey of his right to participate in the appeal process, including providing evidence and testimony to the defendant Review Board and the defendant Review Board members.

## COUNT III

### Equal Protection Violations Against All Defendants

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though fully set forth herein at length.

86. Kevin Furey's rights to equal protection have been violated since as a Caucasian student, resident of Pennsylvania, he has been treated differently than Negro Temple students, non-residents of the State of Pennsylvania, and non-residents of the United States, who were arrested and charged with the crime of assault and battery against another Temple student. Upon information and belief, Kevin Furey knows that Temple student, Tony Carroll, a Caucasian student, was blinded in one eye as a result of an aggravated assault by a Negro Temple student, Aishwin Asjes, who attends Temple as a foreign student from Curacao. No disciplinary proceedings were instituted against Aishwin Asjes and he was permitted to remain a Temple student.

87. That Kevin Furey's right to equal protection was violated since he has been treated differently and in a discriminatory manner by defendant Temple and defendant Temple employees, administration, agents, panel members and other named defendants, by filing disciplinary

20.

proceedings against Kevin Furey, whereas it has failed to prosecute disciplinary proceedings against Negro students, whose actions and behavior were far more egregious violations of Temple's Code of Conduct than that of Kevin Furey's alleged Code of Conduct violations.

### COUNT IV

### Deprivation of Property Rights Without
### Due Process Against All Defendants

88. Plaintiff incorporates by reference paragraphs 1 through 87 of this Complaint as though fully set forth herein at length.

89. That without notice, opportunity to be heard or present evidence, the defendants have deprived Kevin Furey of his right to the credits earned at Temple University while matriculating at this university.

90. That Kevin Furey was never advised that the Disciplinary Hearing could deny him of his property rights, the credits earned at Temple University; no notice of the deprivation of credits was contained in the notice and the defendant disciplinary panel's decision indicates Kevin Furey was expelled without any punishment relating to deprivation of credits earned and paid for and/or refusal to transfer these credits to another college or university, in fact, placing a hold on these credits. That this action by defendants constitutes a deprivation of property without due process of law.

91. Likewise, Kevin Furey was never advised that the Disciplinary Hearing could result in a denial and deprivation of his right to travel, a right to freedom of association with other Temple students and deprivation and denial of his right to access to Temple's campus, not even to inquire of his advisor and/or obtain copies of transcripts and/or consult with professors, other students and/or

friends. That this action by defendants, without hearing or opportunity to be heard constitutes a deprivation of rights guaranteed him by both the United States and Pennsylvania Constitutions.

92. That these deprivations and denial of rights were suffered by Kevin Furey as a result of the illegal and unconstitutional actions of the named defendants, particularly defendant, Temple University and its President, Anne Weaver Hart, which allowed these illegal and unconstitutional customs and practices to be promulgated, instituted and practiced, without any concern for the constitutional violations associated with these practices and procedures.

## COUNT V

**Breach of Contract Against Defendant University and its Trustees,
Violation of Constitutional Rights and Common Law Rights**

93. Plaintiff incorporates by reference paragraphs 1 through 92 of this Complaint as though fully set forth herein at length.

94. The University and its Trustees, defendants herein, violated the terms of its contract with plaintiff by depriving Kevin Furey of his credits earned for courses taken at Temple University, even though the agreement and contract provided that upon payment of tuition and attending classes and performing the required course of study, the student, Kevin Furey, would earn the credits which he could transfer to another college or university and use toward obtaining an undergraduate degree.

95. That this violation of its agreement violated federal and state constitutional rights and contravened the Temple University code and contract with its students, including Kevin Furey.

96. That this violation of its agreement deprives Kevin Furey of his right to a higher education guaranteed him as a citizen of the United States and the State of Pennsylvania.

22.

## COUNT VI

### Negligence and Intentional Infliction of
### Emotional Distress Against All Defendants

97.  Plaintiff incorporates by reference paragraphs 1 through 96 of this Complaint as though fully set forth herein at length.

98.  That defendants had a duty to act with reasonable care in conducting disciplinary hearings against plaintiff, and its failure to do so, caused plaintiff harm.

99.  That defendant failed to take appropriate actions to assure all constitutional and common law rights were protected and its procedures mandate that a student not be deprived of a higher education without every safeguard to protect a student's rights and his right to a higher education.

## COUNT VII

### Deprivation of Property Rights to a Higher
### Education Against All Defendants

100.  Plaintiff incorporates by reference paragraphs 1 through 99 of this Complaint as though fully set forth herein at length.

101.  That the denial of due process and equal protection as set forth in this Complaint denied plaintiff his property right to a college degree and expelled him from college, depriving him of a property right guaranteed him by both the United States and Pennsylvania Constitutions.

102.  That the Fourteenth Amendment guarantees a right to an education and this right cannot be taken away unless strict due process and equal protection rights are adhered to by Temple University.

## COUNT VIII

## Retaliation Claim Against All Defendants

103.   Plaintiff incorporates by reference paragraphs 1 through 102 of this Complaint as though fully set forth herein at length.

104.   That the expulsion and upholding of the expulsion by the President of the University, its Trustees, the Dean of Students, the Vice Dean of Students, and the other named defendants, is in retaliation for plaintiff, Kevin Furey's institution of a lawsuit against its police officers, Binder and Harvey, and plaintiff believes this because of the proximity between the time the lawsuit was instituted and the May 27, 2009 letter from defendant, Vice President for Student Affairs, Theresa A. Powell, sanctioning plaintiff, Kevin Furey, with an immediate expulsion from Temple University.

105.   That this retaliation for filing a lawsuit violates due process and equal protection as well as public policy.

106.   That Temple University, as a public university funded with taxpayer dollars, should not retaliate against those who exercise their constitutional rights to legal actions and lawsuits to obtain damages for physical and emotional injuries under the laws of the State of Pennsylvania.

WHEREFORE, plaintiff requests this Court issue a Preliminary Injunction immediately to prevent Kevin Furey's further deprivation of constitutional rights and subsequent to a trial on the constitutional violations alleged in this Complaint issue a permanent injunction against the defendants for future constitutional violations and request that plaintiff, Kevin Furey, be reinstated

in Temple University as a student in good standing without any expulsion noted on his transcript or college record and with the right to transfer credits to another institution of higher learning or graduate school and an order allowing and permitting Kevin Furey the right to entry upon any and all parts of Temple's campus at any and all locations.

_____

MARGARET BOYCE FUREY
Identification No. 02461
400 Four Tower Bridge
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
610-397-0125
Attorney for plaintiff

## **AFFIDAVIT**

KEVIN FUREY, the within named plaintiff/movant, states under penalties of perjury, that the facts set forth in the foregoing Complaint and Motion are true and correct to the best of his knowledge, information and belief.


Dated:  June 1, 2009

_____
KEVIN FUREY