TLG TUCKER LAW GROUP

July 16, 2009

**VIA FACSIMILE AND REGULAR MAIL**

Hon. Mary A. McLaughlin
U.S. Courthouse, Room 13614
601 Market Street
Philadelphia, PA 19106

    Re:    Kevin Furey v. Temple University et al., No. 09-2474
             Plaintiff's Petition for Discovery Prior to an Evidentiary
             Hearing On Plaintiff's Motion for Preliminary Injunction and
             Trial on the Merits of the Underlying Complaint

Dear Judge McLaughlin:

       Please accept this letter brief in response to Plaintiff, Kevin Furey's ("Plaintiff"), Petition for Discovery Prior to an Evidentiary Hearing on Plaintiff's Motion for Preliminary Injunction and Trial on the Merits of the Underlying Complaint ("Petition") by defendants, Temple University – Of The Commonwealth System of Higher Education ("Temple University"), Theresa A. Powell, Ann Weaver Hart, Brian C. Foley, Dean Ainsley Carry, Andrea Seiss, M. Moshe Parat, Temple University Review Board, Richard Greenstein, Keith Gumery, Diane Adler, FEBM Jonathan Scott, Chp. Bonita Silverman, Valerie Harrison, and Trustees of Temple University (collectively "Defendants"). For the below stated reasons the Petition should be denied.

**I.    The Discovery Sought by the Petition Fails to Address the Standard for a Preliminary Injunction.**

       As more fully explained in Defendants' Memorandum of Law In Opposition to Plaintiff's Motion for Preliminary Injunction ("Memorandum"), a preliminary injunction is an extraordinary relief and should only be granted when plaintiff has clearly satisfied his burden of proving the four following factors:

1. A reasonable probability of success on the merits;
2. Irreparable harm by a denial of the requested relief;
3. Whether granting relief will result in greater harm to the non-moving party; and,
4. Granting the preliminary injunction will be in the public interest of the parties.

See Allegheny Energy v. DQE, Inc. 171 F.3d 153 (3d. Cir. 1999).

*"Making Results Happen"*
One Penn Center at Suburban Station • 1617 JFK Boulevard, Suite 1700 • Philadelphia, PA 19103
Tel 215.875.0609 • Fax 215.875.8143
www.tlgattorneys.com

Here, not only is Plaintiff unable to meet this burden, but the discovery he requests in the Petition will not address these four factors – the only relevant factors before the Court at this stage of the proceedings. Rather, the evidence Plaintiff seeks in the Petition is wholly unrelated to the question of whether Plaintiff is likely to succeed in showing that he was not afforded the process that was due to him at a college disciplinary hearing– that is, if he was notified of his impending dismissal, if he was able to engage in an "informal give and take" with the administrative body dismissing him, and if the decision to dismiss Plaintiff was "careful and deliberate." Board Of Curators Of The University Of Missouri et al. v. Horowitz, 435 U.S. 78, 86 (1978); Mauriello v. The Univ. of Medicine and Dentistry of New Jersey, 781 F.2d 46, 50 (3d Cir. 1986).

Instead, Plaintiff asks this Court to grant discovery that is unlikely to lead to the discovery of admissible evidence at the preliminary injunction stage or even the trial stage and wholly irrelevant to the factors set forth above. For example, Plaintiff seeks all records related to all disciplinary actions against Philadelphia Police Officer Travis Wolfe, records of any violations of policies and procedures by him while on the Philadelphia Police force and documentation of "who he contacted during a break in his testimony at the disciplinary hearing." (See Petition ¶¶3 (a), (j)). None of this information about Officer Wolfe can assist this Court in weighing the factors it must consider in deciding Plaintiff's Motion for a Preliminary Injunction.

Further, the Petition seeks discovery that goes to the merits of Temple University's decision to expel Plaintiff, not whether Temple University followed its policies and procedures. Specifically, Plaintiff seeks, among other things, the following:

1. The deposition of Richard Greenstein because he stated that "he believed Travis Wolfe's testimony over plaintiff . . ." (See Petition ¶3(m));
2. The deposition of Theresa Powell, Assistant Dean of Students "who affirmed the expulsion and imposed draconian penalties" (See Petition ¶ 3(f));
3. The deposition of Dean Ainsley Currey "to whom the Letter of Rebuttal and Appeal was addressed"; (See Petition ¶3(g));
4. The deposition of Diane Adler who plaintiff alleges gave false testimony regarding Plaintiff's intoxication (See Petition ¶3(l));

Indeed all that is needed to determine the question of whether Plaintiff was afforded due process has already been presented to the Court or is already in Plaintiff's possession. The depositions requested in the Petition will have no bearing on any relevant determination.

## II. The Discovery Requested in the Petition is Onerous and Unreasonable.

Plaintiff's attempted "fishing expedition" is overly broad, unduly burdensome and seeks information that does not exist. Just by way of example as to how onerous and unreasonable Plaintiff's requests are, Defendants point to the following demands:

> (b) All records, memos, data base computer information maintained regarding disciplinary action taken against Negro students;
>
> (c) All data base computer information maintained by Temple Police Department regarding discipline taken against Temple students stating color, race, and ethnicity . . .

(See Petition ¶¶ (b), (c)).

In the first instance, Temple University does not identify students as "Negro" and has no students on its campus who have ever been categorized by Temple University as "Negro." Temple University would have no clue as to how to identify such students (nor would it attempt to demean its students by attempting any such categorization).

Secondly, Temple University does not categorize its disciplinary proceedings based on the ethnicity or race of its students. To require Temple University to produce demographically subrogated disciplinary documents would be an overwhelmingly time consuming and fiscally prohibitive task. Moreover, Plaintiff's overbroad request is completely irrelevant to any claim of equal protection because it sheds no light on whether or not the individuals responsible for determining Plaintiff's discipline had any racial motive or bias. Other than Plaintiff's desperate speculation, there is absolutely nothing to suggest that the disciplinary process was tainted by animus of any kind. There is certainly no evidence of any conduct by Defendants that would warrant such a broad and burdensome examination of every student disciplinary file.

## III. The Discovery Requested Cannot Be Completed in a Reasonable Amount of Time

Here, Plaintiff is not only requesting the extraordinary relief of a preliminary injunction, but also overbroad and excessive discovery that could not be completed in any reasonable amount of time – defeating the very purpose of seeking immediate preliminary relief. This unwieldy request by Plaintiff that the Court grant such broad and extensive discovery *before* it considers the merits of the preliminary injunction motion indeed sheds light on the fact that Plaintiff is in no immediate danger of suffering irreparable harm.

Moreover, Plaintiff seeks to circumvent the Federal Rules of Civil Procedure seeking no fewer than sixteen (16) depositions on an expedited basis where as the applicable Federal Rules of Civil Procedure only allow for ten (10). Fed. R. Civ. P. 30(2)(A)(i). Considering that most cases can be fully litigated while adhering to the rules, this is an extraordinary amount of depositions to request on an expedited basis at an allegedly preliminary stage. The logistics required to coordinate the schedules of counsel and the parties to be deposed is considerable and hardly likely to accommodate so many depositions in a short amount of time.

Additionally, the requests for documents in the Petition are vague, overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence and they are particularly irrelevant at this preliminary stage. It is unlikely that Defendants would be able to produce the extensive records and documents requested in the Petition in any reasonable amount of time.

## IV.     Conclusion.

Currently, the Court has before it all the information necessary to rule on the Petition. The discovery Plaintiff seeks in the Petition will not help establish the four factors that Plaintiff must prove for the issuance of a preliminary injunction any more than the evidence already presented to the Court or already in Plaintiff's possession. Therefore, for the above stated reasons, this Court should deny the Petition in its entirety.

Very truly yours,

Joe H. Tucker, Jr.

cc:     Margret Boyce Furey, Esquire (via Facsimile and Regular Mail)

## **CERTIFICATE OF SERVICE**

I, Shernese V. Woodbine, Esquire, do hereby certify that on July 16, 2009 I caused the within Letter Brief in Response to Plaintiff, Kevin Furey's Petition for Discovery Prior to an Evidentiary Hearing on Plaintiff's Motion for Preliminary Injunction and Trial on the Merits of the Underlying Complaint to the Honorable Mary A. McLaughlin to be served via facsimile and regular mail to the following:

Margaret Boyce Furey<br>
Attorney at Law<br>
Four Tower Bridge Center, Ste 400<br>
200 Barr Harbor Drive<br>
West Conshohocken, Pennsylvania 19428<br>
Attorney for Plaintiff

Dated: July 20, 2009

Shernese V. Woodbine
**Attorneys for Temple Defendants**